IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NADA NICHOLSON, As Personal Representative
Of the Estate of TIA L. DARROW,

        Plaintiff,

vs.                                                      Cause No.  2016-cv-0164

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, INC., d/b/a GOOD
SAMARITAN - FOUR CORNERS VILLAGE,

        Defendant.

<u>COMPLAINT FOR MEDICAL NEGLIGENCE RESULTING IN WRONGFUL DEATH</u>

        COMES NOW Plaintiff, by and through her counsel of record, the Law Offices of James P. Lyle, P.C. (James P. Lyle, Esquire) and offers the following as her Complaint against the Defendant herein, for the medical negligence and other negligence which led to the death of Plaintiff's daughter, Tia L. Darrow.

        1.        At the time of her death, Tia L. Darrow, was a resident of the State of Colorado.

        2.        The acts and incidents complained of herein occurred within San Juan County, New Mexico.

        3.        Based upon information and belief, the Defendant, Good Samaritan Society, Inc., is a South Dakota corporation which operates various medical facilities throughout the country. On information and belief, one of these facilities is described as Good Samaritan - Four Corners Village.

4. Plaintiff respectfully requests, pursuant to the provisions of the New Mexico Wrongful Death Act, that this Court appoint her as personal representative of the Estate of her deceased daughter, Tia L. Darrow, for the sole purpose of pursuing this litigation as provided for by the provisions of Act. §§41-2-1 to -2-4.

5. On June 21, 2014, Decedent Tia L. Darrow, suffered a heart attack. She was taken to San Juan Regional Medical Center. While in the hospital she developed pneumonia and upon release was transferred to Defendant's rehabilitation facility - Four Corners Village.

6. While at Four Corner's Village, Ms. Darrow developed a blood clot in her lungs and was readmitted to San Juan Regional Medical Center where she remained for approximately two (2) weeks. Again, upon release, she was transferred back to Four Corner's Village where she was to undergo rehabilitation and be trained in ventilator care.

7. Specifically, Ms. Darrow was described as a fifty-nine (59) year old nursing home resident who had repeated problems with her tracheotomy tube being dislodged while she was changing her clothes or engaging in other routine daily activities.

8. On September 11, 2014, Ms. Darrow's tracheotomy tube was again dislodged. She became profoundly dyspneic (meaning she was basically unable to breath). She also became apneic (meaning no air was going into or out of her lungs). When emergency personnel arrived, she was pulseless and blue.

9. Ms. Darrow clung to life with maximum medical intervention until September 20, 2014, when it was finally decided that she had no chance of survival without mechanical support. It was also decided by Ms. Darrow's physician that she had no chance of recovering to the point

where she would be able to see, speak, hear or interact in any meaningful way with other people for the rest of her life.  In other words, she was deemed to be brain dead.

10. Palliative care was provided to Ms. Darrow until she died on September 20, 2014.

11. Ms. Darrow's death was a direct result of the negligence of Defendant, its agents, representatives and employees.  These people and the Defendant failed to use appropriate procedures and care to ensure that Ms. Darrow could and would survive the conditions for which she was admitted to Defendant's Four Corner's Village facility.  Specifically, the Defendant's Four Corner's Village staff failed to act promptly and appropriately when Ms. Darrow's tracheotomy tube was dislodged.  This led to a prolonged period where Ms. Darrow was without oxygen which, in turn, led to anoxic encephalopathy, and ultimately her death.

12. As a result of Defendant's negligence, Plaintiff requests that the Court enter a judgment sufficient to compensate Plaintiff's Estate for all damages appropriate under the New Mexico Wrongful Death Act including but not limited to pain, suffering, emotional and mental distress, for lost earning and lost earning capacity, for loss of parental guidance and counseling, reasonable funeral expenses, medical and medically related expenses, enhanced damages as provided for by the New Mexico Wrongful Death Act due to aggravating circumstances related to Ms. Darrow's death, punitive damages against the Defendant, its agents and employees, costs of suit, pre- and post-judgment interest, and such further relief as the Court deems just and proper.

Plaintiff respectfully requests a TRIAL BY JURY as to the matters presented herein.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.
"Electronically Signed"

/s/   James P. Lyle, Attorney
James P. Lyle
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
pennname@prodigy.net
*Attorney for Plaintiff Nada Nicholson, As Personal Representative of the Estate of Tia L. Darrow, Deceased*